UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN, et al.,

          Plaintiff(s),

  v.

CALIFORNIA COURT APARTMENTS,

          Defendant(s).

NO. C07-334MJP

ORDER ON PLAINTIFF'S MOTION FOR TRANSFER CASE

      The above-entitled Court, having received and reviewed Plaintiffs' Motion for Transfer Case (Dkt. No. 48), and all exhibits and declarations attached thereto, makes the following ruling:

      IT IS ORDERED that the motion is DENIED.

      Plaintiff has requested that this Court recuse itself from the above-entitled matter based on a communication with defense counsel John Bergmann during which it was revealed that the Court was represented at one time by Mr. Bergmann's law firm, Helsell Fetterman, and that Mr. Bergmann himself had some personal involvement in that representation. Pltf Mtn, Exh's 1 & 2.

      In 1992, the Court was represented briefly by the law firm of Helsell Fetterman during negotiations with an insurance company regarding coverage for medical procedures. The primary attorney in that representation was Lish Whitson. Mr. Whitson may have selected other attorneys to assist him, and the Court recalls other attorneys from the firm being present in a meeting with Mr. Whitson, but the Court had no involvement in selecting those attorneys.

      A single letter was written by Mr. Whitson which resulted in resolution of the dispute. No lawsuit was filed and the firm's representation concluded at that point. The Court was billed for the representation, the bill was paid, and the Court has had no further contact with the firm. Mr. Whitson is no longer with the firm of Helsell Fetterman.

**ORD ON MTN
TO RECUSE - 1**

28 U.S.C.A § 455(a) requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." That statute also contains a non-exclusive list of circumstances wherein recusal is mandatory; e.g., where the judge has a personal bias or prejudice against a party or has served as an attorney in the matter in controversy, etc. 28 U.S.C.A. § 455(b). None of the circumstances listed in § 455(b) include the situation where a judge has been represented at some point in time by a law firm or an individual counsel appearing in his or her court.

The representation of the Court by Mr. Bergmann and/or his law firm is over 15 years in the past. The Court has no contact with the law firm professionally nor Mr. Bergmann personally since that time, and has no favorable bias toward either Mr. Bergmann or his law firm. The Court is fully confident of its ability to proceed impartially with this litigation, applying the law equally towards all parties. Plaintiff's motion for recusal is therefore denied.

In accordance with General Rule 8(c), this motion and this Court's ruling will be referred to the Chief Judge of this district for review.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February __5__, 2008

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO RECUSE - 2**