UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
RICCARDO GREEN, *et al.*,                       )        No. C07-0334MJP
                                                )
                 Plaintiffs,      )
     v.                                          )        ORDER
                                                )
CALIFORNIA COURT APARTMENTS,                    )
                                                )
                 Defendant.       )
_____)

        This matter comes before the Court under Local General Rule 8(c).  Plaintiff has filed a "Motion for Transfer Case" in the above-captioned matter.  Dkt. # 48.  The Honorable Marsha J. Pechman, United States District Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review.  Dkt. # 52.  Plaintiff's motion is therefore ripe for review by this Court.

        Section 455 of title 28 of the United States Code governs the disqualification of a district judge.  It states in relevant part:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial.  <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact.  <u>Preston v. United States</u>, 923 F.2d 731, 734 (9th Cir. 1992); <u>United States v. Conforte</u>, 624 F.2d 869, 881 (9th Cir. 1980); <u>See</u> also <u>In Liteky v. United States</u>, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

Having reviewed the record and considered all of plaintiff's allegations regarding the relationship between the presiding judicial officer and defense counsel's law firm, the Court finds that there is no evidence of bias or prejudice against plaintiff or in favor of the defendant in this case.  Nor would the fact that Judge Pechman was represented by another Helsell Fetterman lawyer give rise to an appearance of bias: the representation ended over fifteen years ago, the attorney who represented Judge Pechman has left the firm, and the presiding officer is confident of her ability to proceed impartially in this litigation.

Because there is no evidence or appearance of bias or prejudice and a reasonable person in full possession of the facts would not question Judge Pechman's impartiality, plaintiff's motion for transfer is DENIED.

Dated this 6th day of February, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER       -2-