UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN, et al.,

        Plaintiff(s),

v.

CALIFORNIA COURT APARTMENTS, LLC,

        Defendant(s).

NO. C07-334MJP

ORDER ON DEFENDANT'S MOTION TO QUASH SUBPOENA FOR DEPOSITION OF SAM GUASTA

The above-entitled Court, having received and reviewed Defendant's Motion to Quash Subpoena for Deposition of Sam Guasta (Dkt. No. 49) and all exhibits and declarations attached thereto (Dkt. No. 50),[1] makes the following ruling:

IT IS ORDERED that the deposition notice to Sam Guasta is QUASHED. The deposition which Plaintiffs have scheduled for February 12, 2008 will not proceed.

Defendant has asserted (and Plaintiffs have not denied) that Mr. Guasta was previously deposed by Defendant on November 113, 2007, after notice to Plaintiffs. (A copy of the deposition transcript was attached to Defendant's motion as Exhibit D.) Defendant has alleged that Plaintiffs refused to take part in that deposition and, again, no denial of that assertion has been forthcoming.

Plaintiffs are referred to FRCP 31(a), When a Deposition May Be Taken:

(2) With Leave. A party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
    (A) if the parties have not stipulated to the deposition and:
        \*\*\*\*\*
        (ii) the deponent has already been deposed in the case.

---

[1] By minute order filed February 5, 2008 (Dkt. No. 51), Plaintiffs were ordered to file any response to this motion by no later than noon on February 8, 2008. As of the filing of this order, no responsive briefing has been received from Plaintiffs.

**ORDER ON MTN TO QUASH SUBPOENA - 1**

1   The Court takes judicial notice of the fact that there is no document on file in the court record
2   indicating that Plaintiffs requested leave of the court to take a second deposition of this witness. It is
3   self-evident from Defendant's filing of this motion to quash that Defendant did not stipulate to the
4   second deposition.

5   Plaintiffs' failure to observe the requirements of FRCP 26(b)(2) is sufficient grounds in and of
6   itself to grant the motion to quash their notice of subpoena to Mr. Guasta.

7   Although Defendant has requested sanctions in the form of fees and costs for bringing this
8   motion, its statutory authority (FRCP 37(a)(4); Def Mtn, p. 6-7) concerns motions to compel
9   disclosure or discovery and does not really cover the situation of which Defendant complains here.[2]
10  Defendant's request for sanctions in this instance will be denied.

12  The clerk is directed to provide copies of this order to all counsel of record.

13  Dated: February 8, 2008

*[signature]*

Marsha J. Pechman
U.S. District Judge

---

[2] Additionally, it appears that Defendant's citation to FRCP 37(a)(4) is to a version of the Rules of Civil Procedure which have, as of December 1, 2007, been superseded.

**ORDER ON MTN TO QUASH SUBPOENA - 2**